COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-030-CV
RENEE LORENZ                                                                                  
APPELLANT
V.
GARY ANDERSON                                                                            
     APPELLEE
------------
FROM THE 17
TH DISTRICT COURT OF TARRANT
COUNTY
------------
MEMORANDUM OPINION(1)
------------
In two issues appellant Renee Lorenz
challenges the jury's verdict of no damages and the trial court's failure to
grant her a judgment notwithstanding the no damages verdict. We affirm.
Background
Appellant filed suit against appellee Gary
Anderson to recover from the injuries she allegedly sustained as a result of a
motor vehicle accident. Both she and appellee sustained injuries and their cars
were damaged as well. The jury answered favorably that appellee's negligence
caused the collision. However, it awarded appellant no damages and the trial
court denied her motion to disregard the no damages answer as well as her motion
for judgment notwithstanding the verdict and her motion for new trial.
Analysis
Liability was virtually uncontested in
this motor vehicle accident case. Appellee admitted he struck appellant's
vehicle from behind. Appellant challenges the jury's failure to find damages on
her behalf in her first issue. In her second issue, she challenges the trial
court's failure to grant her motion to disregard jury answer, her motion for
JNOV, and her motion for new trial. We will address them in turn.
In applying the appropriate standard of
review, we conclude there was factually sufficient evidence to uphold the jury's
determination of no damages.(2) While appellant
is correct that appellee did not present its own expert opinion on the cause,
effect, and duration of appellant's injuries, appellee cross-examined her
experts, doing substantial damage to their testimony. For example, during the
cross-examination of Dr. West, he testified that the strain and sprains were not
permanent, but that the disc herniations were permanent. More importantly, he
testified that he had never seen a radiologist's MRI evaluation be so tentative,
stating he could not have been "more vague as to whether there is or is not
an injury there." This created a fact issue for the jury to resolve
regarding injury and causation. To reverse on an issue on which appellant had
the burden of proof at trial, we must conclude that the finding is so against
the great weight and preponderance as to be manifestly unjust, why it shocks the
conscience, or why it clearly demonstrates bias. Tarrant County v. Denton
County, 87 S.W.3d 159, 168-69 (Tex. App.--Fort Worth 2002, pet. filed) (op.
on reh'g); Pool, 715 S.W.2d at 635. This we cannot do. Appellant's
first issue is overruled.
In appellant's second issue, she
challenges the legal sufficiency of the evidence regarding the jury's no damage
award by asserting trial court error in denying her motion for JNOV or motion
for new trial. By applying the appropriate standard of review, we conclude the
trial court did not err in denying her motions.(3)
To overcome this hurdle, she would have to show that her damages were
established as a matter of law. Miga, 25 S.W.3d at 375. Because there
was conflicting testimony and a review of the evidence supports the finding, we
cannot say the jury's verdict was legally insufficient. Appellant's second issue
is overruled.
Having overruled both of appellant's
issues on appeal, we affirm the judgment below.
 
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON,
JJ.
[DELIVERED FEBRUARY 13, 2003]

1. See Tex. R. App. P. 47.4.
2 Ames v. Ames, 776 S.W.2d 154, 158-59 (Tex.
1989), cert. denied, 494 U.S. 1080 (1990); Pool v. Ford Motor Co.,
715 S.W.2d 629, 633 (Tex. 1986) (op. on reh'g).
3. Brown v. Bank of Galveston, 963 S.W.2d 511,
513 (Tex. 1998); see also Tex. R. Civ. P. 301; Miga v. Jensen,
25 S.W.3d 370, 375 (Tex. App.--Fort Worth 2000, no pet.).